UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDER CARTER<br><br>v.<br><br>SAVEMART SUPERMARKETS, INC; A California Corporation; SAVEMART SUPERMARKETS DISCOUNTS, INC.,A California Corporation, MARK MOSSMAN AND DOES 1-50 inclusive,<br><br>Defendants. | No. 1:13-CV-1712-AWI-GSA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**<br><br>**(Doc. 6)** |

**INTRODUCTION**

On September 10, 2012, Plaintiff initiated this action in Stanislaus County Superior Court (Case number 679026). Plaintiff, Leander Carter ("Plaintiff") alleges state law causes of action for race harassment, race discrimination, disability discrimination, disability harassment, retaliation, and failure to prevent race and disability harassment in violation of California Government Code § 12940 *et seq.*, against Defendants Save Mart Supermarkets, Inc., Save Mart Supermarket Discounts, Inc., Mark Mossman, and Does 1-50 (hereinafter, "Defendants"). (Doc.1). There are no federal causes of action pled in the complaint, and there is no alleged diversity of citizenship to bring the case within the jurisdiction of this Court.

Defendants removed this case to federal court claiming that in the course of discovery, it

1

was determined that Plaintiff's claims are governed by Section 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)) ("LMRA") thereby raising federal questions that are subject to this Court's jurisdiction. (Doc. 1).  In particular, Defendants argue that a collective bargaining agreement between the parties must be interpreted in order to resolve Plaintiff's claims bringing this case within the parameters of the LMRA.

Pending before the Court is Plaintiff's Motion to Remand.  (Doc. 6).  Plaintiff contends he is only raising race and physical disability harassment and retaliation claims under California's Fair Employment Housing Act ("FEHA").  Accordingly, federal jurisdiction is not proper.

After considering the Defendant's Opposition to the Motion for Remand (Doc. 9) and Plaintiffs' Reply (Doc. 12), this Court determined the matter was suitable for decision without oral argument pursuant to Local Rule 230(g) and took the matter under submission. (Doc.13). Upon a review of the pleadings, the Court grants Plaintiff's Motion to Remand.

**LEGAL STANDARD**

*A.     Removal Generally*

Title 28 of the United States Code section 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction ..." 28 U.S.C. § 1441(a).  Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).

Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447 (c). "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083 (9th Cir. 2009).  The Ninth Circuit has held that "[w]here doubt

regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). If a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court shall remand the case to the state court. 28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand). However, a district court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule....' " *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. While a defense of preemption, also known as "ordinary preemption," is insufficient to demonstrate removal jurisdiction, "complete preemption," which is a corollary to the well-pleaded complaint rule, would be a sufficient basis for removal. *Rains v. Criterion Sys., Inc*., 80 F.3d 339, 344 (9th Cir.1996). Under the complete preemption doctrine, the force of certain federal statutes is considered to be so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). Section 301 is a federal statute that can have complete preemptive force. *Avco Corp. v. Aero Lodge No*. 735, 390 U.S. 557, 558–562 (1968).

### B.     Section 301 of the LMRA

Section 301 of the LMRA in relevant section provides the following :

3

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.  28 U.S.C. § 185(a).

In order to determine whether Section 301 preemption applies, an inquiry into whether the asserted causes of action involves rights conferred upon by an employee by virtue of state law, or by a CBA.  If the right exists solely as a result of the CBA, then the claim is preempted, *Burnside v. Kiewit Pacific Corp.*, 491 F. 3d 1053, 1059 (9th Cir. 2007).   If however, the claim exists independently of the CBA, it must be determined whether the right is "substantially dependent on the analysis of the CBA."  *Id.* citing *Caterpillar Inc.*, 482 U.S. 394.   "If such a dependence exists, then the claim is preempted by section 301; if not then the claim can proceed under state law." *Brunside v. Kiewit Pacific Corp.*, 491 F. 3d at 1059-1060.  The LMRA preempts a state-law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir.1993) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988)).   In determining whether section 301 preemption applies, "[t]he plaintiff's claim is the touchstone for [the] analysis; the need to interpret the [collective bargaining agreement] must inhere in the nature of the plaintiff's claim.  If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the [collective bargaining agreement] in mounting a defense." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001).  To determine whether a particular right inheres in state law or instead, is grounded in a CBA, a court should consider "the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement [and ] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Burnside v. Kiewit Pacific Corp.*, at 1060 citing *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994).

Further, a "reference to or consideration of the terms of a collective-bargaining agreement is not the equivalent of interpreting the meaning of the terms." *Ramirez v. Fox Television Station, Inc.,* 998 F.2d at 749. "Causes of action that only tangentially involv[e] a provision of a collective bargaining agreement are not preempted by section 301. Nor are causes of action which assert nonnegotiable state-law rights ... independent of any right established by contract." *Id*. at 748 (citations and internal quotation marks omitted). Thus, as the Ninth Circuit observes, "[t]he demarcation between preempted claims and those that survive § 301's reach is not ... a line that lends itself to analytical precision." *Cramer v. Consol. Freightways, Inc,*, 255 F.3d at 691. " 'Substantial dependence' on a CBA is an inexact concept, turning on the specific facts of each case, and the distinction between 'looking to' a CBA and 'interpreting' it is not always clear or amenable to a bright-line test." *Id*.; *Gregory v. SCIE, LLC*., 317 F. 3d 1050, 1052 (9th Cir. 2003) (Section 301 only preempts state law claims when plaintiff's allegations are "substantially dependent" on an interpretation of the CBA).

## DISCUSSION

### A. Summary of the Relevant Facts

Plaintiff is an African American male who suffers from colitis. He has worked at one of Save Mart's distribution centers for twenty-eight years.[1] (Doc. 1 pg. 17). Plaintiff is a union member, and as such, his employment is governed by the terms and conditions of a CBA between Save Mart and the union.

Plaintiff alleges that late in 2011, co-workers made racially harassing comments to him which created a hostile work environment. Plaintiff contends that after reporting the incidents to supervisors, management failed to keep his reports confidential which led to additional

---

[1] Plaintiff worked at the distribution center in Roseville, California which is located in Placer County, in the Sacramento division of this district. It is unclear why Plaintiff filed his case in Stanislaus County. However, since this case was originally filed in Stanislaus County, this Court, rather than the Sacramento division, will rule on this motion since Stanislaus County falls within the venue of the Fresno division.

harassment. Moreover, he allegedly was retaliated against by supervisors when he was suspended from work for three days after he failed to report for duty due to the harassment. He claims he was also subsequently suspended from employment after exercising his rights under the Family Medical Leave Act due to his colitis.

At issue in this motion is Plaintiff's allegation that management denied his request to work in Save Mart's cigarette tax stamping department. Specifically, Plaintiff contends he was required to take an aptitude test in order to be considered for the position. Plaintiff allegedly took the test, was told he had failed it, and was denied the job. The complaint alleges that management's actions were based on race discrimination because other individuals working in the department were not required to take the test.

Defendants removed the case after Plaintiff sent discovery requests seeking information regarding the union's approval of the cigarette stamping quiz. (Doc. 1-2, Exhibit A). Upon receiving the discovery requests, Defendants' counsel asked Plaintiff to identify the relevancy of the quiz to Plaintiff's claims. Plaintiff responded as follows :

> plaintiff maintains the cig [sic] test was discriminatory towards him and instituted against him. Without union approval, plaintiff maintains the test was administered with disregard to his race and against his senior status...
> (Doc. 1-2, pg. 23, Exhibit E).

Defendants contend these statements demonstrate that Plaintiff is attempting to challenge the denial of his work in the cigarette stamping department based on his seniority rights under the CBA thereby triggering this Court's jurisdiction. The case was removed after Plaintiff refused to stipulate that the causes of action in the complaint are not based in any way on a perceived failure to follow the CBA, or on any failure to respect Plaintiff's seniority right under the CBA.

In response, Plaintiff withdrew the discovery requests, and argues that the case should be

remanded because preemption is not triggered under these circumstances. In the alternative, Plaintiff requests that he be allowed to amend the complaint to omit any reference to the cigarette quiz as a factual claim for wrongful termination. Defendants have filed a non-opposition to the motion to amend but argue that the propriety of removal is determined at the time of the removal without reference to any subsequent amendment. Defendants also contend that withdrawal of the discovery requests, as well as the Plaintiff's motion to amend the complaint, demonstrate Plaintiff is engaging in manipulative tactics to avoid federal jurisdiction.  Accordingly, Defendant urges the Court to deny the Motion to Remand.

   *B. Analysis*

As previously noted, the Ninth Circuit has set forth a two-step inquiry into whether Section 301 preempts a state law claim. *Burnside* v. *Kiewit Pacific Corp*., 491 F.3d at 1059. First, the Court determines "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective bargaining agreement]." *Id*. "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id*. "If, however, the right exists independently of the" collective bargaining agreement, a court must "still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.' " *Id*.

Here, Defendants argue that Plaintiff's case is preempted by the LMRA because Plaintiff is attempting to challenge his seniority rights solely under the CBA.  In particular, they contend that in order to determine whether Plaintiff was eligible for the cigarette stamping work assignment, the Court would need to interpret the seniority bid provisions of the CBA to assess if Plaintiff's seniority rights were in fact violated.

The Court has reviewed the allegations in the complaint at issue and disagrees.  (Doc 1, pg. 19, ¶¶ 17-19).  It is clear from the complaint that Plaintiff is alleging that the cigarette testing

7

requirement was based on race because other individuals were not required to take the test. *Id*. There is no mention of seniority status under the CBA. Similarly, the Court is not persuaded by Defendants' argument that preemption is triggered because Plaintiff will not sign a stipulation that that the causes of action are not premised in any way on a perceived failure to follow the CBA, or on any failure to respect Plaintiff's seniority rights under the CBA.

To determine whether a particular right inheres in state law or, instead, is grounded in a CBA, the Court has instructed us to consider "the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Livadas v Bradshaw*, 512 U.S. at 123. Here, although a grievance could potentially have been made implicating the CBA, the allegations and the causes of action in the complaint stem from the state law right to be free from discrimination under FEHA.

Since the right is conferred under state law, the Court must determine whether the state law right is "substantially dependent" on the terms of a CBA to ascertain whether preemption exists. *Caterpillar v. Williams*, 482 U.S. at 394. This entails deciding whether the claim can be resolved by "look[ing] to" versus "interpreting" the CBA. *Livadas v. Bradshaw*, 512 U.S. at 125; *Cramer v. Consol. Freightways, Inc.*, 255 F.3d at 691. Merely, "'look[ing]' to the CBA to discern that none of its terms is reasonably in dispute," nor "alleging a hypothetical connection between the claim and the terms of the CBA" is enough to preempt the claim. *Cramer v. Consol Freightways, Inc.*, 255 F.3d at 691. In fact, the Supreme Court squarely addressed this issue when examining the interplay between the CBA in an unlawful termination case :

> The Court of Appeals seems to have relied upon a different way in which a state-law claim may be considered "independent" of a collective-bargaining agreement. The court wrote that "the just cause provision in the collective-bargaining agreement may well prohibit such retaliatory discharge," and went on to say that if the

8

> state-law cause of action could go forward, "a state court would be deciding precisely the same issue as would an arbitrator, whether there was 'just cause' to discharge the worker.". The court concluded, "the state tort of retaliatory discharge is inextricably intertwined with the collective-bargaining agreements here, because it implicates the same analysis of the facts as would an inquiry under the just cause provisions of the agreements." We agree with the court's explanation that the state-law analysis might well involve attention to the same factual considerations as the contractual determination of whether Lingle was fired for just cause. But we disagree with the court's conclusion that such parallelism renders the state-law analysis dependent upon the contractual analysis. For while there may be instances in which the National Labor Relations Act pre-empts state law on the basis of the subject matter of the law in question,§ 301 pre-emption merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements. In other words, even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 pre-emption purposes.
>
> *Lingle v. Norge Div. of Magic Chef, Inc*., 486 U.S. at 408-410, 108 (citations omitted).

In this case, a Court can resolve Plaintiff's claims by considering California law and referring to the CBA to parse out Plaintiff's discrimination claims. Defendant has presented no specific provisions of the collective bargaining agreement that would need to be consulted or would require interpretation. The mere fact that Plaintiff responded in an e-mail that the cigarette test was administered with disregard to his race and against his senior status does not trigger preemption. Given this finding, the Court does not need to address Plaintiff's request to amend the complaint or Defendants' assertions that Plaintiff has engaged in manipulative tactics to avoid federal jurisdiction.

The Ninth Circuit has clearly established that "[a] state law claim is not preempted under § 301 unless it necessarily requires the Court to interpret an existing provision of a CBA that can be reasonably said to be relevant to the resolution of the dispute." *Cramer v. Consolidated*

9

*Freightways, Inc*. 255 F. 3d 683, 693 (9th Cir. 2001).  The Defendants have not established that this is the case for any of the causes of action alleged in the complaint.  Defendants bear the burden of establishing that removal is proper.  The removal statute is strictly construed against removal jurisdiction.  Where there is doubt that removal is appropriate, as is the case here, a case should be remanded to state court. *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d at 1083;  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d at 1089.

**ORDER**

For the reasons stated above, Plaintiff's Motion To Remand Action is GRANTED.  The Clerk of the Court is directed to remand the case to the Stanislaus County Superior Court.

IT IS SO ORDERED.

Dated:   **February 14, 2014**                    **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE